E-FILED
Wednesday, 22 March, 2006  04:03:56 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RICKY BELL,
   Plaintiff,

vs.                      No. 05-1054

MATTHEW FREDRICKSON, et.al.,
   Defendants.

## ORDER

     Before the court is the plaintiff's motion to compel (d/e 26), which is denied for the reasons set forth below.

     <u>Identification numbers of inmates (Plaintiff's requests ##8 and 12)</u>

     In response to the plaintiff's requests ## 8 and 12, the defendants provided a printout of inmate's names and cell numbers who worked as porters or lived in R-3A-Wing over a two year period. However, defendants have blacked out the identification numbers on grounds of confidentiality and security reasons. The plaintiff objects, noting that the address is publicly available on the IDOC website, as well as on most inmate's identifications cards, which inmates are required to wear on their collar.

     While inmate numbers do appear on the website and on inmate i.d. cards (defendants do not maintain otherwise), to produce a large list of them may implicate security/confidentiality concerns not obvious to the court. In any event, the court need not decide whether such concerns are legitimate, because the plaintiff has not shown why he needs this information. He asserts he needs it to call witnesses at trial, but he already has the names, which is enough information for the court or the defendants to find the inmate numbers, so video writs can issue for the trial.

     <u>Any and all documents relevant to complaints about procedures and practices of the way defendant Fredrickson ran the inmates' commissary lines (Plaintiff's Request #2)</u>

     <u>Any and all documents which relate or refer in any way to grievances, complaints or letters lodged by other inmates against defendant Fredrickson with respect to defendant Fredrickson not allowing them to shop.</u> (Plaintiff's Request #3).

     <u>Any and all documents which relates, or refers in any way to grievances, complaints, or letters lodged by any inmate at the facility against defendant</u>

1

<u>Fredrickson, with respect to, or refer in anyway to the remarks, or statement, "We're all family here." (Plaintiff's Request #4)</u>

The court agrees with defendants that grievances or complaints by other inmates against defendant Fredrickson are irrelevant and not likely to lead to relevant information. This case is about what Frederickson did to the plaintiff, not what he did to other inmates. Witnesses with first-hand knowledge of what Fredrickson did and said to *the plaintiff* might be relevant, but not witnesses who talk about their own problems with Fredrickson. What plaintiff seeks to do is admit evidence of Fredrickson's wrongs against other inmates in order to prove Fredrickson's similar wrongs against the plaintiff. That evidence is not admissible, Fed. R. Ev. 4(b), and, even if it was admissible for some other purpose, it would be excluded as a waste of time, confusing and prejudicial, Fed. R. Ev. 403. Additionally, the court agrees with defendants that locating all these complaints would be overly burdensome, "requir[ing] a manual search of the files over every inmate housed at Hill Correctional Center" for a three year period. (d/e 29, p. 2).

Defendants also argue against producing plaintiff's requests ## 10 and 13, but the plaintiff makes no argument in his memorandum as to these requests. He has therefore not met his burden of persuasion. In any event, the court agrees with the defendants' objections thereto (d/e 29, p. 3-4).

IT IS THEREFORE ORDERED that the plaintiff's motion to compel is denied (d/e 26).

Entered this <u>22nd</u> Day of <u>March</u>, 2006.

s\Harold A. Baker

---
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE