UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

RICKY BELL,
   Plaintiff,

vs.                                     No. 05-1054

MATTHEW FREDRICKSON,
JEFFREY K. MCCUE,
LYLE HAWKINSON,

   Defendants.

<u>Order</u>

     A final pretrial conference was held by video on February 9, 2007. Plaintiff appeared *pro se*. Chris Higgerson appeared on behalf of Defendants.

     In reviewing the case, the court noticed that Defendants' qualified immunity argument was not addressed in the order denying summary judgment, though denial of qualified immunity was implicit. (d/e 50). To make the record, the court explains herein why it does not find qualified immunity warranted in this case.

     "When confronted with a claim of qualified immunity, a court must ask first the following question: 'Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?'" *Brosseau v. Haugen*, 543 U.S. 194, 197 (2004), *quoting Saucier v. Katz*, 533 U.S. 194, 201 (2001). Government officials performing discretionary functions are not liable unless they "violate clearly established statutory or constitutional rights then known to a reasonable officer." *Saffell v. Crews*, 183 F.3d 655, 658 (7th Cir. 1999), *citing Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). In general, the right must have been "'clearly established in a more particularized, and hence more relevant, sense" than general propositions of law. *Brosseau v. Haugen*, 534 U.S. at 198 (2004).

     The court concluded in denying summary judgment that a reasonable inference arises that the plaintiff was retaliated against for filing grievances. A long line of controlling precedent establishes that retaliation for filing a prison grievance states a constitutional claim, even if the retaliatory act does not otherwise violate the constitution. Defendants' qualified immunity argument is not developed, but they appear to argue that *Brookins v. Kolb*, 990 F.2d 308, 313 (7th Cir. 1992) requires the grievance to be on a matter of public concern before retaliation for that grievance violates the Constitution. *Brookins*, however, concerned rights of free speech in the context of a inmate's prison job, not the right to petition for redress of grievances. *See McElroy v. Lopac*, 403 F.3d 855 (2005)(differentiating between oral inquiry into lay-in pay (unprotected) and filing grievance on issue). *Brookins* does not negate the long line of controlling precedent confirming that retaliation for filing a prison grievance is a constitutional violation. *Pearson v. Welborn*, 471 F.3d 732 (7th Cir. 2006)(Defendants acknowledging that "a prison grievance is protected as 'speech that is necessary to

inform prison officials of prisoner needs and to protect a prisoner's right to later petition to courts'"); *Johnson v. Stovall*, 233 F.3d 486, 489 (7th Cir. 2000); *Babcock v. White*, 102 F.3d 267, 275 (7th Cir. 1996)("The federal courts have long recognized a prisoner's right to seek administrative or judicial remedy of conditions of confinement, . . ., as well as the right to be free from retaliation for exercising this right.")(citation omitted); *DeWalt v. Carter*, 224 F.3d 607, 618 (7th Cir. 1999)("Prisoners have a constitutional right of access to the courts that, by necessity, includes the right to pursue the administrative remedies that must be exhausted before a prisoner can seek relief in court. . . . Thus, a prison official may not retaliate against a prisoner because that prisoner filed a grievance)(retaliation for grievance about losing prison job stated constitutional claim).

In any event, Plaintiff's grievances *were* "sufficiently 'important' to warrant First Amendment protection." *Pearson*, 471 F.3d at 741 (rejecting argument that "form of expression–i.e., written or oral–dictates whether constitutional protection attaches"). His first grievance was about Fredrickson's failure to follow IDOC rules. The plaintiff complained that Fredrickson meted out punishment on his own without writing a disciplinary report as required by IDOC rules. Alerting prison officials to a vigilante-employee is arguably not just in the plaintiff's own personal interest, but also in the interest of the other inmates and of the prison administration. His second and third grievances were about the retaliation against him for his first grievance, which were necessary to give notice to prison officials of a possible constitutional violations by a prison employees and to proceed in court on his retaliation claim.

IT IS THEREFORE ORDERED:

1) The plaintiff's motion for order to access library is denied (d/e 58). The court inquired into the plaintiff's library access at the hearing, and defendants showed that plaintiff has received adequate library opportunities.

2) The plaintiff's motion for writs to secure the testimony of his witnesses is denied as moot (d/e 62). Those writs have already been issued.

3) The defendants' motion in limine (d/e 65) will be addressed before the trial on March 12, 2007.

4) Defendants' counsel is directed to inform the clerk if C/O Turnquist is available to testify at the trial Monday, March 12, 2007, by video conference from Illinois River Correctional Center, and, if not, to provide a phone number where he can be reached if he is still on vacation.

Entered This 8th Day of <u>March</u>, 2007.

                              **s\Harold A. Baker**

                              **Harold A. Baker**
                              **U.S. District Judge**